Dear Mr. Cazes,
Your request for an Attorney General's Opinion was forwarded to me for research and reply. You asked four questions, which I will answer in order. Your first question is as follows:
 When City Court and District Court judges set bonds, can the bonds be reduced by another Judge without having a hearing?
Louisiana Code of Criminal Procedure Article 342 addresses this question. It states, in pertinent part:
 The court having trial jurisdiction over the offense charged, on its own motion or on motion of the state or defendant, for good cause may either increase or reduce the amount of bail, or require new or additional security . . .
State v. Dupor, 623 So.2d 720,721 (La.App. 4 Cir. 1993), clarified La. C.Cr.P. Art. 342 by holding that "any motion to increase or reduce bail must be brought before the magistrate who set the original bond, as he retains exclusive jurisdiction over such matters until a formal charge is filed and the case allotted to a section of the court." Therefore, it is the opinion of this office that once the court with trial jurisdiction determines the amount of the bond, only that judge can reduce it.
Your second question asks whether a bond reduction hearing is mandatory. Again, La. C.Cr.P. Art. 342 addresses your question. It states:
 . . . in a parish with a population in excess of four hundred ninety thousand, the district court shall hold a contradictory hearing prior to the modification of the bail order .
Because the population in Plaquemine Parish does not exceed this amount, a bond reduction hearing is not necessary.
 Your third question is . . .
 Can the bond be reduced over the telephone verbally by a judge or is it necessary for the judge to put something in writing, dated and signed by that judge, before the bond can be reduced by the Police Department?
Louisiana Code of Criminal Procedure Article 338 states "An order fixing bail shall be in writing, specify the amount and the type of the bail, and shall be signed by the magistrate. . . ." Therefore, it is the opinion of this office that a reduction of bail is an order fixing bail that must be in writing and signed by the magistrate.
 Your fourth and final question is . . .
 Can the Police Department require the judge to put his reduction request in writing in order to protect us from acting on inaccurate information?
The response to this question is the same as the response to your third question. La. C.Cr.P. art. 338 requires that the bail order be in writing.
I hope this opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ ROBERT L. ODINET Assistant Attorney General